UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 2:96-89 WBS |
| Plaintiff, | |
| v. | ORDER |
| JUAN AGUILAR CORTEZ, | |
| Defendant. | |

----oo0oo----

On July 2, 2015, Juan Aguilar Cortez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was filed in both Cr. No. 2:95-20 WBS and Cr. No. 2:96-89 WBS, which were previously consolidated. (Docket No. 262 in Cr. No. 2:95-20 WBS; Docket No. 96 in Cr. No. 2:96-89 WBS.) Because the government filed no opposition in Cr. No. 2:96-89 WBS, the court's order denying defendant's motion to vacate was filed only in Cr. No. 2:95-20 WBS and did not expressly rule on the motion to vacate as applied to defendant's conviction in Cr.

No. 2:96-89 WBS. (Docket No. 291 in Cr. No. 2:95-20 WBS.) Accordingly, defendant's motion to vacate in Cr. No. 2:96-89 WBS is still pending. Out of an abundance of caution, the court directed the government to file a separate response and permitted defendant to file a separate reply. That briefing has now been filed with the court. (See Docket Nos. 103, 105.)

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The requirements of section 2255(h) "create[] a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application.'" Ezell v. United States, 778 F.3d 762, 765 (9th Cir. 2015) (citation omitted).

Here, defendant filed a § 2255 motion on December 30, 1998, which the court denied on January 25, 2001. (Docket Nos. 61, 84.)[1] The court and the Ninth Circuit denied certificates of

---

[1] This and all successive docket entries refer to the entries in Cr. No. 2:96-89 WBS.

2

appealability as to the December 30, 1998 motion. (Docket No. 88, 89.) Then, in 2005, defendant wrote a letter which this court construed as a successive § 2255 motion and transferred to the Ninth Circuit. (Docket Nos. 90, 91.) The Ninth Circuit then denied the request to file a second or successive petition. (Docket No. 94.) Accordingly, plaintiff has filed at least two § 2255 petitions in this case.

There is no indication that petitioner has sought or obtained the requisite certificate from the Ninth Circuit authorizing him to file the instant § 2255 motion. Because petitioner has failed to obtain authorization from the Ninth Circuit as required by § 2255(h), this court lacks jurisdiction to consider his § 2255 motion and must therefore dismiss it. See Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction); Washington, 653 F.3d at 1065 (district court lacked jurisdiction to entertain the petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion); United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (district court lacked jurisdiction to consider the merits of a successive § 2255 claim where the petitioner did not request the requisite certification from the Ninth Circuit).

Because the court lacks jurisdiction to consider petitioner's unauthorized successive § 2255 motion, the court must dismiss petitioner's present motion. Cf. Buenrostro v.

3

1 | United States, 697 F.3d 1137, 1139 (9th Cir. 2012) (observing
2 | that the district court properly dismissed an unauthorized § 2255
3 | motion for lack of jurisdiction).
4 |     IT IS THEREFORE ORDERED that petitioner's motion to
5 | vacate, set aside, or correct his sentence under 28 U.S.C. § 2255
6 | (Docket No. 96) be, and the same hereby is, DENIED, and the
7 | pending motion is hereby DISMISSED for lack of jurisdiction.
8 | Dated: November 6, 2018

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE