UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>JUAN AGUILAR CORTEZ,<br><br>    Movant. | No. 2:95-cr-0020 WBS KJN<br><br>No. 2:96-cr-0089 WBS KJN<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Movant, a federal prisoner, proceeds pro se with motions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Petitioner seeks relief following the state court's re-classification of his 1992 felony to a misdemeanor, arguing that his 1992 conviction no longer qualifies as a predicate felony to support the 21 U.S.C. § 841 penalty enhancement. As discussed below, the § 2255 motions should be denied.[1]

I. <u>Background</u>

On January 19, 1995, the grand jury charged movant Cortez and his co-defendant, Juan Ramirez Campos, with an indictment for the following drug and firearm violations:

> Count One: Conspiracy to possess with intent to distribute and to distribute 1,000 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

---

[1] These motions were assigned, for statistical purposes, the following civil case numbers: 2:19-cv-1929 WBS KJN P, and 19-cv-1927 WBS KJN P.

1

>Count Two: Possession with intent to distribute approximately 1,779 grams (approximately 3.94 pounds) of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).
>
>Count Three: Possession with intent to distribute approximately eight pounds of marihuana, in violation of 21 U.S.C. § 841(a)(1).
>
>Count Four: Using and carrying a firearm during and in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1).

(ECF No. 325-1 at 2-5, copy of ECF No. 9.)[2]

On January 31, 1995, the government filed an Information under 21 U.S.C. § 851, charging movant with three prior drug trafficking felony convictions. (ECF No. 325-1 at 7-8, copy of ECF No. 12.) Such Information subjected movant to, *inter alia*, a mandatory life sentence without release upon conviction of the drug charges in Counts One and Two of the Indictment. 21 U.S.C. § 841(b)(1)(A)(viii).

The prior district judge granted the prosecution's February 5, 1996 motion to dismiss the firearm charge (count four) (ECF No. 54) "based on the then new interpretation of the statute announced in Bailey v. United States, 516 U.S. 137 (1995), that the use and carry of the firearm had to be active in order to constitute a crime." (ECF No. 325 at 2.)

On March 1, 1996, in a second Indictment filed in Case No. 2:96-cr-0089 EJG, movant was charged with violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

The two Indictments were consolidated into a single trial, which commenced on May 28, 1996. (ECF Nos. 102; 325-1 at 20.) On June 5, 1996, the jury found movant guilty on counts one, two and three of Indictment No. 2:95-0020 EJG (ECF No. 121), as well as the sole charge in Indictment No. 2:96-0089 EJG.

On September 16, 1996, movant filed a motion to strike his prior 1992 drug trafficking conviction. (ECF No. 133.) On November 4, 1996, the prior district court judge denied the motion to strike. (ECF No. 139.)

On November 4, 1996, movant was sentenced to life in prison without the possibility of release, 120 months supervised release, and a $150.00 special penalty assessment on counts one,

---

[2] Unless otherwise indicated, all record citations are to the record in Case No. 2:95-cr-0020 WBS KJN.

two and three in Case No. 2:95-cr-0020 EJG.  (ECF Nos. 143 (Judgment); 325-1 at 36-39.)  Movant was also sentenced to ten years in prison to be served concurrently, and a $50.00 special penalty assessment in Case No. 2:96-cr-0089 EJG.  Judgment was entered on November 12, 1996.  (ECF Nos. 143; 325-1 at 36 (ECF No. 52 in 2:96-cr-0089 EJG).)

On September 26, 1997, movant's conviction and sentence were affirmed by the Court of Appeals for the Ninth Circuit.  United States v. Cortez, 124 F.3d 213 (9th Cir. Sept. 26, 1997) (Table).

Movant completed serving his sentence of ten years imposed in Case No. 2:96-cr-0089 EJG, and remains in federal custody serving his three concurrent sentences of life without the possibility of release in Case No. 2:95-cr-0020 EJG.

On August 7, 2019, the Yolo County Superior Court granted movant's petition to reduce his 1992 felony conviction to a misdemeanor pursuant to California Proposition 64,[3] citing California Health and Safety Code § 11361.8.  (ECF No. 315 at 5.)

On August 27, 2019, the Court of Appeals for the Ninth Circuit treated movant's § 2255 motion as an application for authorization to file a second or successive motion, denied the application as unnecessary, and transferred the § 2255 motion back to the Eastern District.  (ECF No. 314.)  The appellate court "expresse[d] no opinion as to the merits of the claim or whether the procedural requirements of section 2255 [were] satisfied."  (ECF No. 314 at 2.)

The instant § 2255 motions were also filed on August 27, 2019.  Respondent filed an opposition.  (ECF No. 325.)  Movant did not file a reply.

II. Legal Standards

Section 2255 permits a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following

---

[3] On November 8, 2016, California voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which "legalized the recreational use of marijuana and reduced the criminal penalties for various marijuana-related offenses, including the cultivation and possession for sale of marijuana."  People v. Boatwright, 36 Cal. App. 5th 848, 853 (2019).  The proposition also authorized an individual currently serving a sentence to petition the trial court that entered the conviction for a recall or dismissal of sentence.  Id. (citing Cal. Health & Safety Code § 11361.8(a)).

four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) his conviction is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

IV. Discussion

  A. Case No. 2:96-cr-0089 WBS KJN

Movant filed the same § 2255 motion in both cases set forth above. However, as argued by respondent, the § 2255 motion is moot as to Case No. 2:96-cr-0089 WBS KJN because movant completed the ten-year sentence imposed for a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999). In addition, movant's § 2255 argument does not apply to Case No. 2:96-cr-0089 WBS KJN because the challenged 21 U.S.C. § 841 penalty enhancement was not imposed on the 18 U.S.C. § 922(g)(1) conviction. Therefore, the § 2255 motion should be denied in Case No. 2:96-cr-0089 WBS KJN.

  B. Case No. 2:95-cr-0020 WBS KJN

Movant argues that his 1992 conviction no longer qualifies as a predicate felony to support the 21 U.S.C. § 841 penalty enhancement. (ECF No. 315 at 2.) Respondent counters that movant's requested relief is foreclosed by United States v. Diaz, 838 F.3d 968, 971 (9th Cir. 2016), cert. denied sub nom. Vasquez v. United States, 137 S. Ct. 840 (2017). Respondent contends that Diaz is "remarkably analogous" to movant's Case No. 2:95-cr-0020 WBS KJN, and "regardless of Proposition 64's effect under California state law, it cannot operate retroactively to make [movant's] felony convictions misdemeanors for purposes of federal law." (ECF No. 325 at 5.)

The undersigned is persuaded that Diaz bars relief. In Diaz, the Ninth Circuit held that a California state court's reclassification of a defendant's prior state court felony to a misdemeanor, under Proposition 47,[4] has no impact on a defendant's federal sentence under 21 U.S.C. § 841.

---

[4] "In November 2014, California voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act.'" Cal. Penal Code § 1170.18 (codifying Proposition 47); see People v. Rivera, 233

4

Diaz, 838 F.3d at 975.  "When a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not apply those changes retroactively for purposes of determining whether a federal sentencing statute's requirements are met."  Id. at 972.  Following such reasoning, other district courts have denied § 2255 motions addressing the impact of Proposition 64, finding that such state law cannot retroactively reclassify felony convictions to misdemeanors for purposes of federal law.  See, e.g., United States v. Ochoa-Garcia, 2017 WL 4532489, at *3 (D. Nev. Oct. 10, 2017) (denying § 2255 motion because Proposition 64 cannot "operate retroactively to make defendant's felony convictions misdemeanors for purposes of federal law."); Rodriguez v. United States, 2019 WL 7020143, at *2 (S.D. Cal. Dec. 20, 2019); United States v. Romero, 2020 WL 4346701 (D. Mont. July 29, 2020) ("It should be clear to Romero that Proposition 64 does not support a claim for resentencing or a sentence reduction.").[5]

Such cases support the conclusion that a subsequent state-court modification of a prior conviction cannot retroactively change that conviction's effect under the federal Sentencing Guidelines, unless the modification was due to (1) actual innocence of the defendant, or (2) legal errors in state-court proceedings.  See U.S.S.G. 4A1.2 n.6, 10.  Here, the reclassification of movant's 1992 conviction under Proposition 64 did not make him innocent of his crime, and was

---

Cal.App.4th 1085, 183 Cal.Rptr.3d 362, 363 (2015).  Among other things, Proposition 47 reduced future convictions under § 11350(a) from a felony to a misdemeanor.  Proposition 47 also permits previously-convicted defendants to petition the court for a "recall of sentence," which, if granted, would effectively reclassify their qualifying felonies as misdemeanors.  See Cal. Penal Code § 1170.18(a)."  United States v. Diaz, 838 F.3d 968, 971 (9th Cir. 2016).

[5]  In an unpublished opinion, the Ninth Circuit denied Romero's previous § 2255 motion seeking relief based on changes in Washington and California criminal law regarding marijuana possession and sought resentencing without being designated as a career offender under the Federal Sentencing Guidelines.  United States v. Romero, 780 F. App'x 551 (9th Cir. 2019).  Romero failed to demonstrate changes in his state convictions, but the court also stated that Romero would not be entitled to resentencing even if he had.  "At the time of Romero's federal offense, he had sustained two prior controlled substance offenses, which qualified him as a career offender.  See U.S.S.G. § 4B11.2(c)(2011).  Any change in the status of those prior offenses under state law cannot affect that determination."  Romero, 780 F. App'x at 551-52, citing United States v. Yepez, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) ("State courts cannot be given the authority to change a defendant's federal sentence by issuing a ruling that alters history and the underlying facts."); see also Diaz, 838 F.3d at 968 (state order that reclassified a defendant's felony conviction as a misdemeanor did not change the historical fact that defendant had been convicted of a felony for purposes of a federal statutory sentencing enhancement).

not the result of any legal error; rather, the state court reduced the offense based on recent changes in the law.  See Diaz, 838 F.3d at 973 n.3.

Therefore, as in Diaz, regardless of the reclassification of movant's 1992 conviction under state law, such change cannot retroactively make movant's felony conviction a misdemeanor for purposes of federal law, i.e., the federal Sentencing Guidelines.  The § 2255 motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied in Case No. 2:96-cr-0089 WBS KJN.

2. The Clerk of the Court be directed to close the companion civil case No. 19-cv-1927 WBS KJN P.

3. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied in Case No. 2:95-cr-0020 WBS KJN.

4. The Clerk of the Court be directed to close the companion civil Case No. 2:19-cv-1929 WBS KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

////

////

////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 27, 2021

/cort0020.257

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE